# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSA MARTINEZ RENDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>USCB, INC.,<br><br>　　　　Defendant. | Case No. 1:22-cv-01179-JLT-SAB<br><br>ORDER GRANTING EXTENSION OF TIME TO COMPLETE SERVICE AND CONTINUING SCHEDULING CONFERENCE<br><br>(ECF Nos. 5, 6) |

Plaintiff Elsa Rendon ("Plaintiff") initiated this litigation against Defendant USCB, Inc. on September 16, 2022. (ECF No. 1.) The initial scheduling conference is currently set for December 15, 2022. (ECF No. 3.) On November 22, 2022, the Court ordered Plaintiff to file a status report on service and readiness for the scheduling conference. (ECF No. 5.) In response, Plaintiff filed a declaration on November 23, 2022, in which she describes a number of unsuccessful attempts to serve Defendant and proffers that she continues to attempt to effectuate service on Defendant. (ECF No. 6.) The Court construes Plaintiff's declaration as a motion for an extension of time to complete service under Federal Rule of Civil Procedure 4(m).

Rule 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend

the time for service for an appropriate period." Id.

Here, the Court finds good cause to extend the deadline to effectuate service, and will continue the mandatory scheduling conference to accommodate the extension. Fed. R. Civ. P 4(m); Fed. R. Civ. P. 16(b). Furthermore, to the extent Plaintiff proffers she has encountered difficulty in effectuating service on Defendant due to the unavailability of Defendant or its active registered agent, the Court reminds Plaintiff of the following legal standard for service:

The Federal Rules of Civil Procedure provide for two ways to effectuate service on a corporation, association, or partnership. Pursuant to Rule 4(h), a corporation "or a partnership or other unincorporated association that is subject to suit under a common name" must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. . . .

Fed. R. Civ. P. 4(h)(1)(A)–(B).

Rule 4(e) provides that service may be effectuated on a competent, adult individual by: (1) delivering a copy of the summons and the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)–(C).

Rule 4 also permits service on an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). In California, a corporation may be served by delivery to the person designated as an agent for service of process, or to the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(a)–(b). In California, a general or limited partnership may be served by delivery: "to the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general

manager of the partnership." Cal. Civ. Proc. Code § 416.40(a). Other unincorporated associations may be served by delivery: "to the person designated as agent for service of process in a statement filed with the Secretary of State or to the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process." Cal. Civ. Proc. Code § 416.40(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's declaration (ECF No. 6), construed as a motion for an extension of time to complete service pursuant to Fed. R. Civ. P. 4(m) is GRANTED;

2. The deadline for Plaintiff to complete service on Defendant shall be extended to **January 16, 2023**;

3. The scheduling conference currently set for December 15, 2022, is CONTINUED to **March 14, 2023**, at **2:00 p.m.** in **Courtroom 9**; and

4. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated:   **November 30, 2022**

UNITED STATES MAGISTRATE JUDGE