**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELSA MARTINEZ RENDON, | Case No. 1:22-cv-01179 JLT SAB |
| Plaintiff, | ORDER GRANTING REQUESTS FOR FEES AND COSTS IN PART |
| v. | (Docs. 23, 24) |
| USCB, Inc., | |
| Defendant. | |

Elsa Martinez Rendon requests an award of attorneys' fees and costs as a prevailing party in this case against USCB, Inc., under the federal Fair Debt Collection Practices Act (FDCPA). The Court **GRANTS** the motion **IN PART**.

**BACKGROUND**

The events that ultimately led to this lawsuit are simple and undisputed, as summarized in the complaint and in a declaration by an attorney who represents USCB in this action (Docs. 1 at 4–5; 26 at 6–7). USCB is a "debt collector" for purposes of the FDCPA. Kaiser Permanente retained it to collect a personal debt stemming from medical services provided to Martinez Rendon. In August 2022, she wrote to USCB to say that she disputed that debt. A few days after USCB received her letter, it sent information about the debt to a credit bureau, but it did not note that the debt was disputed. USCB had not yet updated its file to reflect that it had received Martinez Rendon's letter.

1

The attorneys who now represent Martinez Rendon began recording the time they spent on her case about two weeks after USCB sent her information to the credit bureau. (Doc. 23-2 at 13.) Timekeeping records show attorneys and other staff members spent a few hours reviewing evidence, interviewing Martinez Rendon, corresponding with her, drafting a complaint, preparing it for filing, and completing other similar tasks. (*Id.*) They filed a complaint on her behalf in this action in September 2022. (Doc. 1.) It included one claim for violation of the FDCPA's prohibition against sending a false representation in connection with any debt. *See* 15 U.S.C. § 1692e. Martinez Rendon requested actual damages, $1000 in statutory damages, attorneys' fees, and costs. (Doc. 1 at 6.)

USCB received service of the complaint in December. (Doc. 8.) Within three weeks, in early January, it emailed a settlement offer to the attorneys representing Martinez Rendon, citing Federal Rule of Civil Procedure 68. (Docs. 26 at 7, 16–17; 27-1 at 19.) Although USCB did not comply strictly with the service requirements of Rules 4, it did unambiguously communicate a proposal to settle the case for $1001, plus an award of reasonable attorneys' fees and costs, albeit without admitting liability. (Doc. 26 at 7, 16–17.) Martinez Rendon did not accept the offer. It is unclear why not; she ultimately accepted $1000 to settle the case several months later. (Doc. 19.) Her attorneys have put forward a few explanations on her behalf, but none is particularly enlightening.

At first they raised only the rather technical objection that USCB sent the offer by email rather than by formally completing service under Rule 4. (*See* Doc. 23-1 at 6.) But counsel did not argue more formal service of the offer would have avoided any confusion or accomplished any particular purpose, they did not contend $1001 was too little money, they did not claim Martinez Rendon was holding out for an admission of liability or a public trial, they do not suggest she needed more information that they could only obtain through the discovery process, and they did not identify any other shortcoming in the offer's terms.

Later, for the first time in reply, counsel argued on Martinez Rendon's behalf that USCB's original offer was "defective" because it permitted her to seek only the attorneys' fees she had "incurred in prosecuting the Complaint." (Doc. 27 at 5.) Counsel asserts that this phrase would

2

have barred any request for fees incurred before the complaint was filed (such as the time counsel spent preparing it) or after judgment was entered (such as in litigating a fees dispute). (*See* Doc. 27 at 5–6.) It is unclear why they believe that is so; they do not explain their reasoning, and the only authority they cite is a case in which the defendant made a distinctly more limited offer, which unambiguously capped the fees it would pay after a specific cutoff date. *See Younger v. Michael & Assocs., P.C.*, No. 13-1679, 2014 WL 1760827, at *1–2 (N.D. Cal. Apr. 30, 2014).

Counsel also emphasizes in reply that USCB eventually agreed, "for purposes of this litigation only," that it would not "contest liability or statutory damages of $1,000," whereas it denied liability in its original offer. (*See* Docs. 27 at 6; 27-1 at 20.) But again, counsel did not argue that Martinez Rendon rejected the original offer because she wanted USCB to admit it was liable or because she thought $1001 was too little. They do not contend that USCB's ultimate decision not to contest its liability offered any relief to Martinez Rendon or served her interests in any practical way.

Whatever the reason, no settlement agreement was immediately forthcoming, so the parties moved forward with the case, among other things by preparing and filing a joint report under Rule 26 and attending a scheduling conference by video. (Docs. 16–18.) After that date, counsel's timekeeping records show that the parties exchanged occasional emails and calls about a stipulation to resolve Martinez Rendon's claims and that Plaintiff's counsel prepared and served written discovery requests. (*See* Doc. 27-1). There was no other pretrial litigation to speak of.

The parties stipulated to a resolution of this matter in October 2023, and as noted, their stipulation states that USCB "does not contest liability or statutory damages of $1,000," and it identifies a forthcoming motion for attorneys' fees as the only "outstanding issue to be determined by the Court." (Docs. 19, 24.) The parties have now filed and fully briefed that motion. (Docs. 23, 25, 27.) Plaintiff requests an award of $23,607 in fees and $604 in costs; USCB proposes an award of $1,147.50 in fees, and it accepts the proposed costs award as reasonable. (*See* Docs. 23-1 at 19; 25 at 20.) The court informed the parties it would make its decision based on the papers alone, without holding a hearing. (Doc. 28.)

///

**STANDARD OF DECISION**

The FDCPA gives federal district courts jurisdiction over certain private actions against debt collectors who do not comply with its provisions. 15 U.S.C. § 1692k(a), (d). A plaintiff can recover actual damages, statutory damages of up to $1000, and "the costs of the action, together with a reasonable attorney's fee as determined by the court." *Id.* § 1692k)(a)(1)–(3). This language "makes the award of fees mandatory." *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012). "District courts must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citations and quotation marks omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citation and quotation marks omitted). That "lodestar" is "presumptively a reasonable fee award," but "the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* (citations and quotation marks omitted).

**DISCUSSION**

The parties agree Plaintiff is the prevailing party for purposes of her request for fees and costs. The first question is thus whether the number of hours that her counsel devoted to this matter was reasonable. The Court has reviewed the timekeeping records attached to the pending motion and agrees with Martinez Rendon that her counsel reasonably spent time on several tasks, including those in the following categories:

- Reviewing the relatively simple documentary evidence underlying Martinez Rendon's allegations and speaking with her about her claims and her case.
- Drafting the complaint.
- Reviewing relevant rules and filing requirements.
- Filing the complaint.
- Preparing initial disclosures in anticipation of later serving them.
- Speaking with opposing counsel and Plaintiff about the offer USCB communicated in January 2022.

4

- Discussing the amount of the reasonable attorneys' fees and litigating the resulting dispute.

(*See* Doc. 23-2 at 13–16.)  The Court also agrees that counsel has appropriately and reasonably made reductions to their own hours as a matter of billing discretion.  (*See id.*)

The Court cannot agree, however, that it was reasonable to move ahead with case scheduling, discovery, and all other pretrial litigation as usual after USCB offered to settle on almost the same terms Plaintiff later accepted.  She has not explained what changed or what shortcomings made the original settlement offer unacceptable.  Courts have expressed concerns in similar circumstances that attorneys could be tempted to reject reasonable settlement offers if they believed they could continue litigating and later recover a larger fee award.  *See, e.g.*, *Costa v. Nat'l Action Fin. Servs.*, No. 05-2084, 2008 WL 1925235, at *3 (E.D. Cal. Apr. 30, 2008).  In failing to persuasively explain why Martinez Rendon did not accept USCB's original offer, the pending motion only heightens those concerns.  USCB's quick offer to settle suggests as well that the parties could potentially have avoided all litigation if Plaintiff's counsel had contacted USCB to discuss her claims before they filed a complaint on her behalf.  It would also have been simpler to negotiate an agreed award of reasonable fees and costs if the parties had earnestly attempted to do so much earlier, when a smaller sum was at stake.  To complicate matters further, Plaintiff acknowledges that her counsel did not attempt to negotiate an agreement about a reasonable fee award before she filed her pending motion.  (*See* Doc. 27 at 2 (conceding the parties did not meet and confer regarding "the potential of negotiating the amount of fees to be paid to Plaintiff").)  For these reasons, the Court has imposed significant reductions on the hours spent on the case after January 2022, reducing those hours by half or more for efforts related to discovery, motion practice in the fee dispute, and case scheduling.

Plaintiff argues that UCSB and defense counsel are to blame for delays, unnecessary litigation, and failures to settle.  These arguments—along with their strikingly hostile tone—raise more questions than they answer.  For example, Plaintiff argues that she has long been attempting to settle the case "for a reasonable sum," that USCB has refused to settle, that it has rejected her "repeated reasonable offers," that it has "complicated" the case, and that its actions forced her

counsel spend time preparing and serving discovery requests. (Doc. 23-1 at 6, 9.)  She does not say what "reasonable offers" she made and when.  She does not argue these offers differed from the one she accepted or the one USCB made soon after it received her complaint.  She does not explain what discovery she sought, why she sought it, and how USCB's actions forced her to seek that discovery.  This is not to say defense counsel is without fault for any delays between January 2023 and October 2023.  (*See* Doc. 27-1 at 10–15 (showing weeks sometimes passed before defense counsel answered some emails from Plaintiff's counsel).)  But it is not persuasive for plaintiff's counsel to argue that thousands of dollars in additional fees are warranted when UCSB originally proposed essentially the same settlement agreement she ultimately accepted, long before she accepted it.  (*See* Doc. 27 at 3–4.)

USCB argues counsel spent too much time on some tasks.  (*See* Doc. 25 at 13–17.)  The Court has considered whether such further reductions are warranted.  The declarations Plaintiff submitted in support of her motion show her attorneys have extensive experience in similar matters and in FDCPA litigation in general.  (*See* Docs. 23-2 at 2–11; 27-2 at 2–3).  They can be expected to have drawn on that experience in this case, reducing the amount of time that was necessary to complete the tasks above.  That is particularly true of the time that was necessary to draft a complaint and a motion for attorneys' fees.  As defense counsel points out, the same attorneys submitted very similar filings in another similar matter.  (*See* Doc. 26 at 19–46.)  The Court has made moderate reductions to account for these efficiencies, especially in connection with drafting the complaint and motion for fees.  These reductions are in addition to the more substantial reductions explained above.

Counsel's timekeeping records also include a variety of terse entries that do not explain the work performed, such as "case review," "read and process email re case," and several similar entries about other "correspondence."  These entries are too vague to support a request for fees, and more specific descriptions would not have improperly disclosed privileged or confidential information. *See, e.g.*, *Murray v. Portfolio Recovery Assocs., LLC*, No. 22-01449, 2024 WL 4495156, at *5 (E.D. Cal. Oct. 15, 2024) (imposing similar reductions in similar case for similarly vague entries).  The Court has excluded them from the award.  The Court has also imposed a one-

hour reduction on an block-billed entry for several tasks performed by an experienced attorney on September 13, 2022.  (*See* Doc. 23-2 at 13.)  Many of these tasks could likely have been performed by an attorney with less experience or by a clerical professional, such as a conflicts check and research about the FDCPA's statutory provisions.

The next variable is the reasonable hourly rate.  Plaintiff's counsel proposes some hourly rates that exceed those that are normally awarded in similar cases within this district and the Fresno Courthouse.  *See, e.g.*, *id.* at *3.  The Court finds the hourly rates approved in *Murray*— for the same group of attorneys at the same firm in a similar case that they litigated at about the same time—are more reasonable, i.e., $575 for Cardoza, $375 for Veggian, $325 for Gaviola, $125 for work by paralegals, and $95 for work by legal assistants.  *See id.*  As the court found in that case, these rates are high for this district and locality, but the billing attorneys have significant relevant experience, and they agreed to accept the representation based on the expectation of a future payment that might not have come to fruition.  *See id.*

With these reductions in place, the total lodestar award is $7,178.50.  Plaintiff requests an "enhancement" or "multiplier" of an additional 50% based on the contingency nature of the representation and the delay in payment.  (Doc. 23-1 at 17.)  The Court denies this request.  This is not a rare case in which a higher award would be appropriate.  The allegations and the relevant law were simple and straightforward, and the Court has already accounted for counsel's experience and the risks involved in calculating a reasonable hourly rate.  *See Murray*, 2024 WL 4495156, at *6 (finding similarly).  USCB argues the court should instead reduce the award to account for Martinez Rendon's failure to obtain more than the minimum damages, fees, and costs that she is entitled to receive as a matter of statutory law.  (Doc. 25 at 13.)  Although the Court agrees that Martinez Rendon did not recover all of the damages she initially sought, the Court declines to impose a reduction for lack of success.  In the end, counsel did recover a full statutory damages award on behalf of their client, even though that award is a relatively modest one.  *See Evon*, 688 F.3d at 1033 ("[A]lthough [the plaintiff] settled the case for a relatively small amount ($1010.99), she recovered the full amount of allowable statutory damages.  This represents a complete recovery under the statutory scheme." (emphasis omitted)).

7

Finally, the parties agree Plaintiff's request for costs is reasonable, as does the Court. (*See* Doc. 24 at 1 (requesting $402 for filing fees and $202.40 for service of summons).)

## CONCLUSION

The motion for fees and costs (Docs. 23, 24) is **GRANTED IN PART**. Plaintiff is awarded $7,178.50 in reasonable attorneys' fees and $604.40 in costs.

IT IS SO ORDERED.

Dated: __**March 11, 2026**__                              _Jennifer L. Thurston_
                                                            UNITED STATES DISTRICT JUDGE